Renée E. Rothauge, OSB #903712
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, Oregon 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105
reneerothauge@markowitzherbold.com

William F. Lee (*pro hac vice pending*)
Michael J. Summersgill (*pro hac vice pending*)
Jordan L. Hirsch (*pro hac vice pending*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
william.lee@wilmerhale.com
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com

Todd C. Zubler (*pro hac vice pending*)
Heath A. Brooks (*pro hac vice pending*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
todd.zubler@wilmerhale.com
heath.brooks@wilmerhale.com

S. Calvin Walden (*pro hac vice pending*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Fax: (212) 230-8888
calvin.walden@wilmerhale.com

Mark D. Selwyn (*pro hac vice pending*)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mills Road
Palo Alto, CA 94304
Telephone: (650) 858-6031
Fax: (650) 858-6100
mark.selwyn@wilmerhale.com

*Attorneys for Defendant and Counterclaim Plaintiff Intel Corporation*

**DEFENDANT INTEL CORPORATION'S ANSWER AND COUNTERCLAIMS**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| X2Y ATTENUATORS, LLC, | Case No.: 3:18-cv-01394-SB |
| Plaintiff, | |
| v. | DEFENDANT INTEL CORPORATION'S ANSWER AND COUNTERCLAIMS |
| INTEL CORPORATION, | |
| Defendant. | JURY TRIAL DEMANDED |

## INTRODUCTION

Plaintiff X2Y Attenuators, LLC ("X2Y") first sued Intel Corporation, Apple Inc., and Hewlett-Packard Company in district court in 2011, filing two actions that sought damages and an injunction for alleged infringement of six patents. *See* Nos. 1:11-cv-117 and 1:11-cv-218 (W.D. Pa.). Those cases were stayed pending a separate proceeding that X2Y initiated in the U.S. International Trade Commission ("ITC"), alleging infringement of the same six patents. After extensive discovery, extensive briefing, and a five-day hearing in the ITC in 2012, the Administrative Law Judge ("ALJ") rejected X2Y's allegations, finding, among other things, that Intel's microprocessors did not infringe any of the asserted claims of X2Y's patents. In March 2013, the full ITC reviewed and affirmed the ALJ's non-infringement determination. In July 2014, the Federal Circuit affirmed the ITC's judgment of non-infringement. *See X2Y Attenuators, LLC v. Int'l Trade Comm'n*, 757 F.3d 1358, 1363 (Fed. Cir. 2014).

In 2017—nearly six years after the 2011 cases were stayed and three years after the Federal Circuit's decision—X2Y attempted to reopen the 2011 cases and also filed this case in the Western District of Pennsylvania,[1] asserting two additional patents that are from the same

---

[1] X2Y originally filed this action in the Western District of Pennsylvania, but that court granted Intel's motion to dismiss or transfer, finding that venue in the Western District of Pennsylvania was improper under 28 U.S.C. § 1400(b) and *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017). *See* Dkt. 71, *X2Y Attenuators, LLC, v. Intel Corp.*, No. 1:17-cv-164 (W.D. Pa. June 25, 2018).

patent family as the original six patents, directed to the same basic configuration, and subject to the same disclaimers that formed the basis of the ITC and Federal Circuit decisions. X2Y thus belatedly sought to relitigate the same infringement issues that had already been rejected by the ALJ, the ITC, and the Federal Circuit.

In July 2018, Judge Bissoon of the Western District of Pennsylvania dismissed the 2011 actions for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dkt. 57, *X2Y Attenuators, LLC, v. Intel Corp.*, No. 1:11-cv-117 (W.D. Pa. July 13, 2018); Dkt. 59, *X2Y Attenuators, LLC, v. Intel Corp.*, No. 1:11-cv-218 (W.D. Pa. July 13, 2018). Judge Bissoon stated that "the Court does not believe this case to be a close case" and specifically addressed the "meritoriousness of the Plaintiff's claims," noting that "the parties[] embarked on a three-year course of intensive litigation before the ITC, and Plaintiff lost," and that "Plaintiff appealed the unfavorable decision to the Court of Appeals for the Federal Circuit, again to no avail." *Id.* at 1, 3. Judge Bissoon determined that "the meritoriousness factor cannot, under the circumstances, be viewed as favoring the Plaintiff." *Id.* at 3. Just as in the ITC, X2Y's allegations here are entirely without merit.

Intel does not infringe. X2Y's asserted patents are directed to methods and structures for protecting circuit components from electromagnetic interference ("EMI"). But by 1997, when X2Y filed its original patent applications, many techniques and structures for protecting circuit components from EMI were already well known. As a result, in order to obtain its patents, X2Y was forced to claim as an element of its invention a very specific configuration of electrical components—a "center ground plane" "positioned between electromagnetically opposite conductors." X2Y represented to the Patent Office that this configuration was a "feature[] universal" to all embodiments, and that it was in fact "an ***essential element among all embodiments*** or connotations ***of the invention***." *See* U.S. Patent No. 5,909,350 at 20:14-27; U.S. Patent No. 7,609,500 at 19:21-23 (emphases added). Based on these and other representations, the Federal Circuit found that X2Y had disclaimed systems that did not use this structure. *X2Y*, 757 F.3d at 1362-1363. The Federal Circuit affirmed the ITC's finding that Intel does not infringe because Intel does not use and has never used the claimed structure. *Id.* at

1361, 1363. The two X2Y patents asserted in this case—U.S. Patent Nos. 8,587,915 and 9,036,319—require the same structure, and Intel's products still do not use that structure today.

X2Y's patents are also invalid. In addition to his finding of non-infringement, the ALJ held that the X2Y patents asserted at the ITC were invalid as anticipated or obvious. *Certain Microprocessors, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-781, Initial Determination, 2012 WL 6883205, at *119, *145-46, *153 (Dec. 14, 2012). The full Commission declined to reach the ALJ's findings on invalidity, and therefore vacated the ALJ's holding when it affirmed the finding of non-infringement, but the ALJ's opinion explains that X2Y's patents are directed to structures and techniques for addressing EMI that had long been known in the art. Indeed, the structures in Intel's microprocessors that X2Y claims infringe its patents are structures that Intel had developed and included in its microprocessors years before X2Y allegedly came up with its claimed inventions. As a result, even if X2Y were correct that its patents cover the configurations in Intel's products—and it is not—the patents would be invalid because Intel developed the configurations used in its products first.

X2Y had no basis to assert its patents against Intel when it filed its original actions in 2011, and it has no basis to do so now. Just as the ITC and Federal Circuit have already done, this Court should reject X2Y's allegations of infringement. Intel respectfully requests that the Court find the asserted patents not infringed, find the asserted patents invalid, and award Intel its costs and fees incurred defending against X2Y's suit.

## RESPONSES TO SPECIFIC ALLEGATIONS OF COMPLAINT

Defendant Intel responds to the Complaint filed by Plaintiff X2Y as set forth below. To the extent not specifically admitted, Intel denies the allegations of the Complaint.

## INTRODUCTION AND BACKGROUND[2]

1. Intel admits that X2Y sued Intel for patent infringement asserting the listed patents in cases captioned as alleged in the Western District of Pennsylvania. Intel admits those

---

[2] For convenience and clarity, Intel's Answer uses the same headings as in the Plaintiff's Complaint. Intel does not admit any of the allegations contained in the Plaintiff's headings.

cases were stayed pending an ITC investigation brought by X2Y against Intel. Intel denies that the cases remain stayed, as they have now been dismissed. Intel therefore also denies that X2Y may resume enforcement of its stayed claims. Intel denies any other allegations in Paragraph 1 of the Complaint.

2.  Intel admits that X2Y asserts the '915 and '319 patents in this case. Intel denies any and all alleged infringement of the asserted patents. Intel denies any other allegations in Paragraph 2 of the Complaint.

3.  Intel denies that X2Y's Complaint provides the "relevant background" regarding the parties and disputes the accuracy of X2Y's allegations as described below. Intel denies any and all alleged infringement of X2Y's patents. Intel denies any other allegations in Paragraph 3 of the Complaint.

## THE PARTIES

4.  Intel lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 4, and therefore denies the same.

5.  Intel admits that it is a leading manufacturer of microprocessors and related technologies, that it is a corporation, and that it has a place of business in Santa Clara, California, as well as in other locations. Intel admits that its product families include the Core i3, Core i5, Core i7, and Xeon families, among others. Intel denies any and all allegations of infringement of X2Y's patents. Intel denies that it has places of business relevant to this case in the Western District of Pennsylvania. Intel denies any other allegations in Paragraph 5 of the Complaint.

## THE STAYED CASES AND THE ITC INVESTIGATION

6.  Intel admits the allegations of Paragraph 6 to the extent they are consistent with the relevant filings, which speak for themselves. Intel denies that no party has yet moved to lift the stay; X2Y moved to reopen the cases as of August 23, 2017. Intel denies any other allegations in Paragraph 6 of the Complaint.

7.  Intel admits that during the course of the ITC investigation, X2Y narrowed its assertions of infringement. Intel denies that X2Y declined to prosecute its strongest claims, denies that X2Y had strong claims, and denies any and all alleged infringement of X2Y's

patents.  Intel lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 7 related to X2Y's litigation strategy.  Intel denies any other allegations in Paragraph 7 of the Complaint.

8. Intel admits that the ALJ issued an Initial Determination adopting the Respondents' construction for certain "electrode terms" and finding no infringement of X2Y's patents.  The ITC agreed with the ALJ's construction and X2Y did not dispute non-infringement under that construction.  Intel admits that the ITC made further determinations but denies that the Complaint's account of the ALJ and ITC decisions provided in this paragraph is accurate or complete.  Intel denies any other allegations in Paragraph 8 of the Complaint.

## THE FEDERAL CIRCUIT APPEAL

9. Intel admits the allegations of Paragraph 9, with the exception of the characterization that Intel "cross-appealed" the ITC's finding of no indefiniteness, which Intel denies.

10. Intel admits the Federal Circuit issued an opinion affirming the ITC's finding of non-infringement.  Intel denies the characterization of the Federal Circuit's concurring opinion.  The final sentence of Paragraph 10 contains a legal conclusion to which no response is required; to the extent a response is necessary, Intel denies the allegation.  Intel denies any other allegations in Paragraph 10 of the Complaint.

## MOVING FORWARD IN THIS COURT

11. Intel denies the allegations of Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is necessary, Intel denies the allegations of Paragraph 12.

13. Intel denies the allegations of Paragraph 13.

14. Intel denies the allegations of Paragraph 14.

## INFRINGEMENT OF THE '915 AND '319 PATENTS

### Jurisdiction and Venue

15. Intel admits this is an action for patent infringement.  The remaining allegations of Paragraph 15 state legal conclusions to which no response is required.

16.     Intel admits that venue is proper in the District of Oregon.  Intel denies any other allegations in Paragraph 16.

## COUNT I: INFRINGEMENT OF THE '915 PATENT

17.     Intel incorporates by reference Paragraphs 1-16 of this Answer as if fully set forth herein.

18.     Intel admits that U.S. Patent No. 8,587,915 is titled "Arrangement for Energy Conditioning," lists on its face an application number of 13/195,495, was published as US 2012/0023742, lists on its face Anthony A. Anthony and William M. Anthony as inventors, states on its face that it was granted on November 19, 2013, lists numerous prior art references (some of which were discussed in the expert reports listed by X2Y), and has 132 claims.  Intel denies the remaining allegations of Paragraph 18.

19.     Intel lacks sufficient knowledge or information to admit or deny the ownership status of the '915 patent or XY2's legal rights regarding the patent, and therefore denies the same.  Intel denies that it has infringed the '915 patent.  Intel denies any other allegations in Paragraph 19 of the Complaint.

20.     Intel denies the allegations of Paragraph 20.

21.     Intel denies any infringement of the '915 patent and all other allegations of Paragraph 21 and its associated chart.

22.     Paragraph 22 contains legal conclusions which require no response; to the extent a response is necessary, Intel denies the allegations.  Intel denies any and all alleged infringement of X2Y's patents.  Intel denies the remaining allegations of Paragraph 22 and its accompanying footnote.

23.     Intel denies the allegations of Paragraph 23.

24.     Intel denies the allegations of Paragraph 24.

## COUNT II: INFRINGEMENT OF THE '319 PATENT

25.     Intel incorporates by reference Paragraphs 1-24 of this Answer as if fully set forth herein.

26. Intel admits that U.S. Patent No. 9,036,319 is titled "Arrangement for Energy Conditioning," lists on its face an application number of 13/195,476, published as US 2012/0023741 and 2014/0298647, lists on its face Anthony A. Anthony and William M. Anthony as inventors, states on its face that it was granted on May 19, 2015, lists numerous prior art references (some of which were discussed in the expert reports listed by X2Y), and has 250 claims. Intel denies the remaining allegations of Paragraph 26.

27. Intel lacks sufficient knowledge or information to admit or deny the ownership status of the '319 patent or XY2's legal rights regarding the patent, and therefore denies the same. Intel denies that it has infringed the '319 patent. Intel denies any other allegations in Paragraph 27 of the Complaint.

28. Intel denies the allegations of Paragraph 28.

29. Intel denies any infringement of the '319 patent and all other allegations of Paragraph 29 and its associated chart.

30. Paragraph 30 contains legal conclusions which require no response; to the extent a response is required, Intel denies the allegations. Intel denies any and all alleged infringement of X2Y's patents. Intel denies the remaining allegations of Paragraph 30 and accompanying footnote.

31. Intel denies the allegations of Paragraph 31.

32. Intel denies the allegations of Paragraph 32.

## JURY DEMAND

33. Intel admits that X2Y has requested a jury trial; Intel also requests trial by jury on all issues so triable. Intel denies that X2Y has raised any valid claims in its Complaint.

## RELIEF REQUESTED

34. Intel denies that X2Y is entitled to any relief in this action, requested or otherwise.

# AFFIRMATIVE DEFENSES

35. By alleging the Affirmative Defenses set forth below, Intel does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. For its Affirmative Defenses to the Complaint, Intel alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

36. The Complaint fails to state a claim upon which relief can be granted because Intel has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to X2Y. For example, the ITC and Federal Circuit have already found that X2Y has made disclaimers of claim scope that would apply to the asserted patents, and based on those disclaimers, Intel's products do not infringe.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

37. Intel has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid or enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, willfully or otherwise. Intel's microprocessors, for instance, do not include a "center ground plane" that is "positioned between electromagnetically opposite conductors"—the structure that X2Y described as an "essential element" of its claimed invention. *See also X2Y Attenuators, LLC v. Int'l Trade Comm'n*, 757 F.3d 1358 (Fed. Cir. 2014) (finding non-infringement by Intel of related patents containing similar limitation).

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

38. One or more of the claims of the '915 patent and/or the '319 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and 112. For example, upon information and belief, under X2Y's interpretation of its asserted claims, the '915 patent and/or the '319 patent are invalid over at

least the following prior art references: U.S. Patent No. 6,054,758 ("Lamson"), U.S. Patent No. 4,891,616 ("Renken"), and/or JP H06-251981 ("Kojima").

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

39. The '915 patent and/or the '319 patent is unenforceable against Intel because of the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

40. The '915 patent and/or the '319 patent is unenforceable against Intel because of the equitable doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence)

41. The '915 patent and/or the '319 patent is unenforceable against Intel because of the equitable doctrine of acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

42. The '915 patent and/or the '319 patent is unenforceable against Intel because of the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Champerty)

43. The '915 patent and/or the '319 patent is unenforceable against Intel because X2Y is barred from asserting one or both patents, or lacks standing to enforce one or both patents, by the doctrine of champerty. On information and belief, X2Y has contracted with a third-party litigation funder who has no legitimate interest in the suit; expends its own money in prosecuting the suit; and is entitled by the bargain to share in the proceeds of the suit.

## RESERVATION OF ADDITIONAL DEFENSES

44. Intel reserves any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil

Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

## INTEL CORPORATION'S COUNTERCLAIMS

45. Counterclaim-Plaintiff Intel Corporation ("Intel"), on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' own investigation, alleges Counterclaims against Counterclaim-Defendant X2Y Attenuators, LLC ("X2Y") as follows:

## NATURE OF THE ACTION

46. These are Counterclaims for declarations of non-infringement and invalidity of one or more claims of the Asserted Patents.

47. X2Y has sued Intel, asserting that the '915 and '319 patents are valid, enforceable, and infringed by Intel. Intel denies X2Y's allegations. An actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of one or more of the claims of the '915 and '319 patents and that controversy is ripe for adjudication by this Court.

## PARTIES

48. According to the Complaint, X2Y is a limited liability company with its principal offices located at 2370-B West 21st Street, Erie, Pennsylvania, 16505.

49. Intel is a corporation organized under the laws of Delaware with its principal place of business in Santa Clara, California.

## JURISDICTION AND VENUE

50. This is an action for declaratory judgment under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.

51. Personal jurisdiction and venue in this District are proper under 28 U.S.C. §§ 1367, 1391, and 1400(b). Plaintiff has subjected itself to personal jurisdiction by maintaining its lawsuit against Intel in this District. The parties have stipulated that this case should be heard in

this District. To the extent venue is proper for X2Y's claims of infringement, it is also proper for Intel's counterclaims of non-infringement and invalidity.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of the '915 Patent)

52. Intel repeats and realleges the allegations of the preceding Counterclaim Paragraphs 45-51 as if set forth fully herein.

53. X2Y has expressly charged Intel with infringement of the '915 patent by filing a Complaint of patent infringement against Intel on June 22, 2017 (Dkt. 1).

54. Intel has not infringed and is not infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '915 patent. In light of X2Y's allegations of infringement, there exists an actual controversy between X2Y and Intel regarding this patent.

55. Intel's accused products do not include many elements required by the claims of the '915 patent. For example, Intel's products do not contain at least the claimed "center electrode." '915 patent, claims 1-13, 103; *see also X2Y Attenuators, LLC v. Int'l Trade Comm'n*, 757 F.3d 1358 (Fed. Cir. 2014) (finding non-infringement by Intel of related patents containing similar limitation).

56. Accordingly, a valid and justiciable controversy has arisen and exists between X2Y and Intel with respect to the alleged infringement of the '915 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

57. Intel is entitled to a declaratory judgment that it has not infringed and is not infringing the '915 patent.

## SECOND COUNTERCLAIM

### (Declaration of Non-Infringement of the '319 Patent)

58. Intel repeats and realleges the allegations of the preceding Counterclaim Paragraphs 45-57 as if set forth fully herein.

59. X2Y has expressly charged Intel with infringement of the '319 patent by filing a Complaint of patent infringement against Intel on June 22, 2017 (Dkt. 1).

60. Intel has not infringed and is not infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '319 patent. In light of X2Y's allegations of infringement, there exists an actual controversy between X2Y and Intel regarding this patent.

61. Intel's accused products do not include many elements required by the claims of the '319 patent. For example, Intel's products do not contain at least the claimed "center electrode." '319 patent, claims 2-24; *see also X2Y Attenuators, LLC v. Int'l Trade Comm'n*, 757 F.3d 1358 (Fed. Cir. 2014) (finding non-infringement by Intel of related patents containing similar limitation).

62. Accordingly, a valid and justiciable controversy has arisen and exists between X2Y and Intel with respect to the alleged infringement of the '319 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

63. Intel is entitled to a declaratory judgment that it has not infringed and is not infringing the '319 patent.

### THIRD COUNTERCLAIM

### (Declaration of Invalidity of the '915 Patent)

64. Intel repeats and realleges the allegations of the preceding counterclaim Paragraphs 45-63 as if set forth fully herein.

65. Intel contends that the claims of the '915 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

66. All the elements of the '915 patent were known in the prior art. For example, upon information and belief, under X2Y's apparent interpretation of its patent claims, the '915

patent is invalid over at least the following prior art references: U.S. Patent No. 6,054,758 ("Lamson"), U.S. Patent No. 4,891,616 ("Renken"), and/or JP H06-251981 ("Kojima").

67. Accordingly, a valid and justiciable controversy has arisen and exists between X2Y and Intel with respect to the validity of the '915 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

68. Intel is entitled to a declaratory judgment that the claims of the '915 patent are invalid.

## FOURTH COUNTERCLAIM

### (Declaration of Invalidity of the '319 Patent)

69. Intel repeats and realleges the allegations of the preceding counterclaim Paragraphs 45-68 as if set forth fully herein.

70. Intel contends that the claims of the '319 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

71. All the elements of the '319 patent were known in the prior art. For example, upon information and belief, under X2Y's apparent interpretation of its patent claims, the '319 patent is invalid over at least the following prior art references: U.S. Patent No. 6,054,758 ("Lamson"), U.S. Patent No. 4,891,616 ("Renken"), and/or JP H06-251981 ("Kojima").

72. Accordingly, a valid and justiciable controversy has arisen and exists between X2Y and Intel with respect to the validity of the '319 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

73. Intel is entitled to a declaratory judgment that the claims of the '319 patent are invalid.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Intel hereby demands trial by jury on all issues so triable raised by X2Y's Complaint or by Intel's Answer and Counterclaims.

## REQUEST FOR RELIEF

WHEREFORE, Intel requests entry of judgment in its favor and against X2Y as follows:

A. Dismiss X2Y's Complaint in its entirety, with prejudice;

B. Enter judgment in favor of Intel and against X2Y;

C. Enter a judgment and declaration that the '915 patent and '319 patent and each and every claim thereof are not infringed by Intel;

D. Enter a judgment and declaration that the '915 patent and '319 patent and each and every claim thereof are invalid and/or unenforceable;

E. Award to Intel its costs, expenses, and reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

F. Grant to Intel any such other relief that this Court deems proper.

DATED this 7th day of September, 2018.

MARKOWITZ HERBOLD PC

By: */s/ Renée E. Rothauge*
Renée E. Rothauge, OSB #903712
ReneeRothauge@MarkowitzHerbold.com
(503) 295-3085

WILMER CUTLER PICKERING HALE AND DORR LLP
William F. Lee (*pro hac vice pending*)
Michael J. Summersgill (*pro hac vice pending*)
Mark D. Selwyn (*pro hac vice pending*)
Todd C. Zubler (*pro hac vice pending*)
S. Calvin Walden (*pro hac vice pending*)
Jordan L. Hirsch (*pro hac vice pending*)
Heath A. Brooks (*pro hac vice pending*)

*Attorneys for Defendant and Counterclaim Plaintiff Intel Corporation*

781944